UNITED STATES v. MINCEY.

(Circuit Court of Appeals, Fifth Circuit. November 8, 1918.)

No. 3162.

INTERNAL REVENUE &=46—FORFEITURE OF PROPERTY USED IN VIOLATIONS—OWNER'S INNOCENCE.

Where the owner of an automobile sent an employé therewith on a lawful errand, and the employé used it in removing and concealing distilled spirits on which the tax had not been paid, with intent to defraud the United States, the automobile· is subject to forfeiture, under Rev. St. § 3450 (Comp. St. 1916, § 6352), despite the owner's innocence of any fraud.

Batts, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Proceeding by the United States, under Rev. St. § 3450 (Comp. St. 1916, § 6352), for the forfeiture of one Ford automobile, claimed by James M. Mincey. There was a judgment for claimant, and the United States brings error. Reversed.

Hooper Alexander, U. S. Atty., of Atlanta, Ga.

Before WALKER and BATTS, Circuit Judges, and SHEPPARD, District Judge.

WALKER, Circuit Judge. This was a proceeding for the furfeiture of one Ford automobile, on the alleged ground that, before its seizure, it was by one W. F. Mincey used in the removal and for the deposit and concealment of 25 gallons of distilled spirits, with intent to defraud the United States of the tax thereon, which had not been paid. James M. Mincey interposed a claim to the automobile.

In the trial it was conceded that the automobile had been used, as charged, in violation of law, and for the purpose alleged. The evidence for the claimant tended to prove that the automobile was the property of the claimant, who was a farmer and merchant living in Dawson county, Ga.; that W. F. Mincey was in the employment of the claimant, and that on the day in question the claimant had sent W. F. Mincey in said automobile to the town of Gainesville, in Hall county, Ga., with instructions· there to procure certain hardware and other lawful merchandise; and that claimant had no knowledge of the fact that W. F. Mincey would use the automobile for any other purpose, and had no reason to apprehend that W. F. Mincey had the purpose of defrauding the United States, or would use the automobile for that purpose.

Exceptions were duly reserved to instructions of the court to the jury to the effect that the automobile was not subject to forfeiture if it was used for the illegal purpose charged without the claimant's consent, and without reason on his part to apprehend that it would be used for an improper purpose.

The proceeding is based upon the following statute:

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels, proper or intended

to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited; and in every such case all the casks, vessels, cases, or other packages whatsoever, .* * *· respectively and every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited." R. S. U. S. § 3450 (Comp. St. 1916, § 6352).

Nothing in the terms of this statute indicates an intention to make the right to a forfeiture dependent upon the property being owned by the person guilty of a specified unlawful use of it, or upon the fact that the owner of the property shared in the guilt of the unlawful user of it. It has been authoritatively decided that under similar statutes property may be forfeited for misconduct not participated in by the owner of it. Dobbins' Distillery v. United States, 96 U. S. 395, 24 L. Ed. 637; United States v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555. In each of the cases cited the court sustained a judgment forfeiting property for an unlawful use of it by a party other than the owner, to whom the owner had intrusted possession of it for an entirely lawful purpose. It is not a novelty to subject property used for an unlawful purpose to forfeiture, though the owner of it was not a participant in the wrongful conduct, and no criminality is imputed to him. In the opinion rendered in the first cited case it was said:

"Cases often arise where the property of the owner is forfeited on account of the fraud, neglect, or misconduct of those intrusted with its possession, care, and custody, even when the owner is otherwise without fault."

We understand it to be settled that, under statutes like the one in question, property is subject to forfeiture, though the owner did not share in the guilt of the user of it, to whom the owner had intrusted possession and control. The Frolic (D. C.) 148 Fed. 921; United States v. One Black Horse (D. C.) 129 Fed. 167; United States v. Two Hundred and Twenty Patented Machines (D. C.) 99 Fed. 559. Whether the automobile would have been subject to forfeiture if the person who made use of it for the purpose of committing a fraud on the public revenue had acquired possession of it without the knowledge or consent of the owner is a question not presented by the facts of the case. On the facts disclosed, the nonparticipation of the owner in the unlawful use of his property was not a bar to the forfeiture sought. The court erred in the above-mentioned rulings.

Because of that error, the judgment is reversed.

BATTS, Circuit Judge (dissenting). The holding in United States v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555, that buildings and fixtures erected for distilling, and leased and used for that purpose, may be forfeited for failure of lessee to comply with the revenue laws, may be justified by the owner's destination of the property for a business necessarily under strict regulations, with knowledge of the consequences of their infraction.

To hold that section 3450, R. S. U. S. (Comp. St. 1916, § 6352)

subjects property designed for and used in transportation generally to forfeiture, when used in carrying distilled spirits upon which the tax has not been paid, by one to whom it has been let for an innocent and proper purpose, the owner being without fault, is to ascribe to the legislative department an indifference to fundamental constitutional principles not warranted so long as another construction is possible.

That the powers incidental to taxation are necessarily strong, and that in their practical administration inequalities and injustices almost necessarily result, can afford no justification for the disregard of basic rights which the government was formed to protect.