## VAN· OSTER· v. KANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 303.  Argued October 20, 1926.—Decided November 22, 1926.

1. The power of a State to forfeit property used in violation of its liquor prohibition laws extends to property (an automobile) of an innocent owner who entrusted its possession and use to the wrongdoer.  P. 467.
2. *Semble* that there is no valid distinction ·rendering this police power less plenary, under the Fourteenth Amendment, than similar exercise of the federal taxing power under the Fifth Amendment.  P. 468.
3. The mere fact that the state statute here in question has a broader scope than § 26 of the National Prohibition Act, authorizing confiscation of vehicles used in unlawful transportation of liquor, does not affect its validity.  P. 468.
4. The Constitution does not require a jury trial of such forfeitures under state law.  P. 469.
5. The sufficiency of the evidence in such proceedings, and the effect on the forfeiture of a subsequent acquittal of the offending person in a separate trial, are matters of state law.  P. 469.

119 Kan. 874, affirmed.

ERROR to a judgment of the Supreme Court of Kansas affirming a judgment forfeiting an automobile, under the laws of Kansas, because of its use in the illegal transportation of intoxicating liquor.

*Messrs. Duane R. Dills* and *William H. Thompson,* with whom *Messrs. Wilbert F. Thompson* and *Albert A. Jones* were on the brief, for the plaintiff in error.

*Mr. Roland Boynton,* Assistant Attorney General of Kansas, with whom *Messrs. Charles B. Griffith,* Attorney General, and *Ray H. Calihan* were on the brief, for the State of Kansas.

MR. JUSTICE STONE delivered the opinion of the Court.

Plaintiff in error purchased an automobile of local dealers in Finney County, Kansas, agreeing, as part considera-

tion for the sale, to its retention by the vendors for use in their business. Clyde Brown, an associate of the dealers, was permitted by them, with the knowledge of plaintiff in error, to make frequent use of the automobile. Brown was arrested by state officers and an information was filed charging that he used an automobile (which was plaintiff's) for the illegal transportation of intoxicating liquor and seeking its forfeiture and sale as a common nuisance under the Kansas statute. Laws of Kansas, 1919, c. 217, §§ 1–5; §§ 21–2162 to 21–2167 R. S. Plaintiff intervened, denying the allegations of the information and setting up her ownership of the automobile and that the transportation of intoxicating liquor, if any, was without her knowledge or authority.

A trial by the District Court of Finney County without a jury, as provided by the Kansas statute, resulted in a judgment of forfeiture. This determination was affirmed on appeal to the Supreme Court of Kansas, *State v. Van Oster,* 119 Kan. 874. After this decision, but prior to a petition for rehearing subsequently denied, Brown was acquitted by a jury of the offense charged in the information. The case comes here on writ of error, Jud. Code, 237(a), as amended.

The Kansas statute, cited above, declares that an automobile or other vehicle used in the state in the transportation of intoxicating liquor is a common nuisance and establishes a procedure followed in this case for its forfeiture and sale. The Kansas Supreme Court in this, as in other cases, *State v. Peterson,* 107 Kans. 641; *State v. Stephens,* 109 Kan. 254, has construed this act as authorizing the forfeiture of the interest of an innocent owner or lienor in property entrusted to the wrongdoer.

It is contended that the statute as interpreted denies the due process of law guaranteed by the Fourteenth Amendment. The statute is further assailed on the ground that it is repugnant to the provisions of the National Prohi-

bition Act which covers the same field, and finally, objection is made that evidence of the intoxicating character of the liquor transported was lacking, and that the acquittal of Brown establishes beyond contradiction that no crime was committed.

It is not questioned that a state in the exercise of its police power may forfeit property used by its owner in violation of state laws prohibiting the liquor traffic, *Kidd v. Pearson,* 128 U. S. 1; cf. *Mugler v. Kansas,* 123 U. S. 623, 671, *et seq.; Lawton v. Steele,* 152 U. S. 133. It is unnecessary for us to inquire whether the police power of the state extends to the confiscation of the property of innocent persons appropriated and used by the law breaker without the owner's consent, for here the offense of unlawful transportation was committed by one entrusted by the owner with the possession and use of the offending vehicle.

It is not unknown or indeed uncommon for the law to visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he has entrusted it. Much of the jurisdiction in admiralty, so much of the statute and common law of liens as enables a mere bailee to subject the bailed property to a lien, the power of a vendor of chattels in possession to sell and convey good title to a stranger, are familiar examples. They have their counterpart in legislation imposing liability on owners of vehicles for the negligent operation by those entrusted with their use, regardless of a master-servant relation. Laws of New York, 1924, c. 534; Michigan Pub. Acts, 1915; Act No. 302, § 29 (constitutionality upheld, *Stapleton v. Independent Brewing Co.,* 198 Mich. 170). They suggest that certain uses of property may be regarded as so undesirable that the owner surrenders his control at his peril. The law thus builds a secondary defense against a forbidden use and precludes evasions by dispensing with the necessity of judicial inquiry as

to collusion between the wrongdoer and the alleged innocent owner. So here the legislature, to effect a purpose clearly within its power, has adopted a device consonant with recognized principles and therefore within the limits of due process.

It has long been settled that statutory forfeitures of property entrusted by the innocent owner or lienor to another who uses it in violation of the revenue laws of the United States is not a violation of the due process clause of the Fifth Amendment. *Goldsmith-Grant Co. v. United States,* 254 U. S. 505; *Dobbins Distillery* v. *United States,* 96 U. S. 395; *United States* v. *Stowell,* 133 U. S. 1; *United States* v. *Mincey,* 254 Fed. 287; *Logan* v. *United States,* 260 Fed. 746; *United States* v. *One Saxon Automobile,* 257 Fed. 251; *United States* v. *246½ Pounds of Tobacco,* 103 Fed. 791; *United States* v. *220 Patented Machines,* 99 Fed. 559; but cf. *National Bond & Investment Co.* v. *Gibson,* 6 Fed. (2d) 288. A like principle has been applied to the unlawful introduction of liquor into Indian territory in violation of § 2140, R. S. *United States* v. *One Buick Roadster Automobile,* 244 Fed. 961; *United States* v. *One Seven Passenger Paige Car,* 259 Fed. 641.

We do not perceive any valid distinction between the application of the Fourteenth Amendment to the exercise of the police power of a state in this particular field and the application of the Fifth Amendment to the similar exercise of the taxing power by the federal government, or any reason for holding that the one is not as plenary as the other. See *Hibben* v. *Smith,* 191 U. S. 310, 325; *Carroll* v. *Greenwich Insurance Co.,* 199 U. S. 401, 410, and see *Kidd* v. *Pearson, supra,* at p. 26, upholding the police power of a state to destroy property used in the unlawful manufacture of liquor, on the authority of *Coe* v. *Errol,* 116 U. S. 517, a tax case.

· The mere fact that the statute now in question has a broader scope than § 26 of the National Prohibition Act,

authorizing confiscation of vehicles used in unlawful transportation of liquor, does not affect its validity. In *Hebert* v. *State of Louisiana, ante,* p. 312, it was held that the same transaction may constitute separate offenses against both state and federal sovereignties, and that in separate prosecutions the statutes of that sovereignty under whose auspices the proceedings are instituted are alone to be applied. Cf. *United States* v. *Lanza,* 260 U. S. 377; *Vigliotti* v. *Pennsylvania,* 258 U. S. 403.

The other questions raised by the record as to the sufficiency of the evidence and the effect of the acquittal of Brown on his separate trial, at most involved questions of state procedure only as to which the decision of the state court is controlling. No tenable ground for attacking the constitutionality of the determination is suggested. In the brief and on the argument an attempt was made to question the constitutionality of the provisions of this statute dispensing with a jury trial in the forfeiture proceeding. But the record does not indicate that a jury trial was demanded and the question is not raised by the assignments of error. In any case the objection is unsubstantial. *Missouri ex rel. Hurwitz* v. *North,* 271 U. S. 40; *Hurtado* v. *California,* 110 U. S. 516; *Walker* v. *Sauvinet,* 92 U. S. 90; *Kennard* v. *Louisiana ex rel. Morgan,* 92 U. S. 480.

*Affirmed.*