## UNITED STATES v. ALASKA PACIFIC FISHERIES.

First Division.　Juneau.　December 30, 1926.

No. 2650–A.

**Criminal Law ☞163—Pleadings—Judgment—Verdict of Not Guilty in a Criminal Action against a Trap Watchman Does Not Bar a Libel of Information against the Trap for Illegal Fishing.**

The defendant owned and operated the fish trap mentioned in the pleadings, and engaged one Adams to tend the trap. He allowed it to fish on Sunday, during the closed season. The government proceeds for forfeiture. The defendant alleged as its first affirmative answer the employment of Adams, its good faith, Adams' arrest for the alleged violation of the law, and his trial and acquittal by the jury as not guilty. Upon exception to this affirmative defense the court held the parties in the two actions are not the same; the rules of evidence are different; the criminal action is not a bar to the suit for forfeiture of the trap; exception sustained.

This action was instituted by the United States for the condemnation and sale of a floating fish trap, known as the Alaska Pacific Fisheries trap No. 4, license 26–364, alleged to have been forfeited for a violation of section 5 of the Act of Congress of June 6, 1924 (48 USCA § 234 [U. S. Comp. St. § 3632]), entitled "An act for the protection of the fisheries of Alaska, and for other purposes," in that said trap was fished during the Sunday close period. The libel of information was filed on July 15, 1926, and the Alaska Pacific Fisheries duly appeared as claimant and filed a motion for release of the res, which was denied, and thereafter filed its answer and amended answer. To the affirmative matter in the amended answer the exceptions are directed.

By this answer the claimant, after denying the allegations of the libel, sets out three affirmative defenses. The first of these defenses is to the effect that in the spring of 1926, before the time of the alleged violation of the act aforesaid, the claimant employed one Adams as watchman on the trap mentioned, who was fully instructed as to closing the trap as required by law; that on Saturday, July 10, 1926, the watchman, for some reason undisclosed, thought it was Friday, and did not close the trap at the hour of 6 p. m., as required by law, and continued fishing with the trap until some time in the afternoon of Sun-

day, July 11; that Adams was selected as watchman with due care, etc.; that thereafter, on July 20, 1926, a criminal information was filed· in the District Court, Division No. 1, territory of Alaska, charging said Adams with a violation of section 5 of the act of Congress above stated; that the said Adams plead not guilty to the information, and thereupon a trial was had in the District Court aforesaid, before a jury; that the jury, after hearing all the evidence and the instructions of the court, returned a verdict finding said Adams not guilty of the crime charged.

The second affirmative defense alleges that that part of section 6 (48 USCA § 226 [U. S. Comp. St. § 3622¼c]) providing for the forfeiture of any implements used for illegal fishing is void, in that it denies the claimant the right of trial by jury.

The third affirmative defense alleges that, in the manner of enforcement and administration thereof, the Act of June 6, 1924, as sought to be enforced herein, deprives the claimant of property without due process of law, contrary to the provisions of article 5 of the Amendments to the Constitution of the United States.

A. G. Shoup, U. S. Dist. Atty., of San Jose, Cal.
Hellenthal & Hellenthal, of Juneau, for defendant.

REED, District Judge. As to the first affirmative defense, I am of the opinion that the exceptions should be sustained, for the reason that the parties to the two actions mentioned are not the same. The criminal action was against the watchman of the trap and was tried by a jury. The proof necessary to convict a defendant in a criminal action is that the jury should be satisfied beyond a reasonable doubt. This action is an action in admiralty, in the nature of a civil action, to be decided by the preponderance of evidence only. While it is true that in Coffey v. United States, 116 U. S. 427, 6 S. Ct. 432, 29 L. Ed. 681, there are some expressions which would lead to a contrary conclusion, yet that case has been distinguished in several later cases by that court, pointing out that even the Coffey Case was decided on the point that the parties were the same. See 34 C. J. 970, § 1387; Stella Van Oster v. State of Kansas, 272 U. S. 465, 47 S. Ct. 133, 71 L. Ed. 354,

447 A. L. R. 1044, Supreme Court decision, November 22, 1926.

The second and third affirmative defenses are also, in my opinion, without merit, and the exceptions thereto must be sustained. See State v. Brown, 119 Kan. 874, 241 P. 112, affirmed November 22, 1926, 272 U. S. 465, 47 S. Ct. 133, 71 L. Ed. 354, 47 A. L. R. 1044.