JORGE GONZÁLEZ COMULADA, Plaintiff and Appellant, *v.* COMPAÑÍA AGRÍCOLA DE PUERTO RICO, Defendant and Appellee.

No. 10553. Argued October 16, 1953.—Decided April 22, 1954.

---

374

*Guillermo Bauzá* for appellant. *Manuel Cruz Horta* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In this claim for damages allegedly sustained by plaintiff as a result of an accident or collision between two vehicles at Stop 31, Ponce de León Avenue, Hato Rey, the former District Court of San Juan rendered judgment dismissing the complaint. The dismissal was based on its finding of fact that at the time of the accident the driver of the vehicle belonging to Compañía Agrícola de Puerto Rico, defendant herein, was not acting within the scope of his employment, since, as concluded by the lower court, the operator was driving the vehicle at a place and time not authorized by his employer, in open violation of his specific instruc-

tions. Plaintiff appealed to this Court assigning as sole error that "the lower court erred in concluding that Ariel Rondón Rosa was not acting under specific instructions of his principal, defendant herein."

 The defendant presented evidence to prove that on the day of the accident, namely, April 2, 1948, at 4 p. m., the immediate supervisor of Ariel Rondón Rosa, driver of the vehicle in question, acting as an agent of the defendant Compañía Agrícola, gave specific instructions to Rondón to take the vehicle to a garage in Bayamón from the offices of the Compañía Agrícola at Stop 17, Santurce, and that the accident occurred between 1:30 and 1:45 a.m. of April 3, 1948. That evidence was believed by the San Juan Court.

The error assigned by plaintiff-appellant bears relation to the weighing of the evidence by the lower court. We have examined the transcript of the evidence and we reach the conclusion that the findings of fact made by the trial court were based on the evidence submitted and are not clearly erroneous, particularly in view of the opportunity which the trial court had to judge the credibility of the witnesses.

There arises a problem in the instant case on the sufficiency of the evidence offered by the defendant to prove that at the time of the accident the driver was not acting in the course and within the scope of his employment, thereby rebutting the presumption that the driver, as agent of the defendant, was acting at that moment within the scope of his agency. *Cf. Morales* v. *Delia Mejías, Inc.*, 63 P.R.R. 672, *Acosta* v. *Crespo*, 70 P.R.R. 223, 231, and *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 100, 103, to the effect that such presumption may be controverted by evidence.

 The fact itself, isolated and independent, that the driver, in causing the accident, was violating the specific instructions of his employer or was acting in a manner expressly forbidden by the employer, does not excuse the latter from liability (2 Am. Jur. 279, § 360.) In *Restate-*

*ment of the Law of Agency*, p. 514, § 230, it is stated as follows:

> "*Forbidden acts.* An act, although forbidden or done in a forbidden manner, may be within the scope of employment.
>
> "*Acts specifically forbidden.* A master cannot avoid responsibility for the negligence of a servant by telling him to act carefully. He cannot limit the servant to the pound of flesh and direct him not to spill blood . . . A master cannot direct a servant to accomplish a result and anticipate that he will always use the means which he directs or will refrain from acts which it is natural to expect that servants may do."

Of course, although the prohibition of a certain act is not an exclusively controlling factor, it may be relevant in determining whether the agent's act is incidental to the employment (*Restatement of the Law of Agency*, p. 515.) For the purpose of ascertaining whether a certain act has been done within the scope of the employment, the essential point is to determine whether the agent's intention in performing such act, or at the time of the accident, was to serve and protect the interests of his employment and not his own interest, and whether the action is incidental to an authorized act, that is, where there is a reasonable and pertinent relation between the agent's act and the principal's purposes, and whether the agent's act tends reasonably to carry out the ultimate objective of the principal (*Restatement of the Law of Agency*, pp. 510, 526, 527). According to this theory, if the accident occurs at a place unreasonably connected or distant from the authorized area or place of service, or if the agent's conduct is within a period unreasonably connected with the authorized period, or at a time which is a substantial departure from the authorized service hour, then the agent will not be acting within the scope of his employment and the employer will not be subject to liability. *Restatement of the Law of Agency*, § § 233, 234, pp. 520, 524.

Applying this test to the case at bar, the period of service

of the driver of defendant's vehicle ended at 4 p. m. of April 2, 1948, and includes besides the period reasonably required to drive the vehicle to a garage in Bayamón. The accident occurred the following day in Hato Rey between 1:30 and 1:45 a. m. of April 3, 1948, or approximately 9 or 10 hours after termination of the period of service of the agent, at a place and time unreasonably connected with the authorized function to drive the vehicle to Bayamón. There was a substantial departure in the time and in the area as to the scope of the required employment. Therefore, the driver of defendant's vehicle was not acting within the scope of his employment at the time of the accident.

The case of *Acosta* v. *Crespo, supra,* is applicable to the case at bar. In that case it was held that "The owner of an automobile is not liable for injuries caused by the negligence of a chauffeur employed by him if it is established by the testimony that while driving the car the chauffeur deviated from his work to accomplish some purpose of his own not connected with his employment," and that if the lower court had believed the evidence that at the time of the accident the chauffeur of a public-service automobile was not carrying passengers for hire and was not on a errand for his employer, but rather accompanied by friends was on "a frolic of his own," neither the insurance company nor the employer would be liable.

In *Metro Taxicabs, Inc.* v. *Treasurer,* 73 P.R.R. 164, a vehicle was forfeited for an alleged violation of the Alcoholic Spirits and Beverages Act. The work shift of the conductor of plaintiff's vehicle ended at 6 a. m. of a certain day. Approximately at that hour the conductor did not return the vehicle, but instead drove with a friend to Bayamón. The friend then took the vehicle to a ward of Bayamón and there obtained several cans of rum and brought them into the vehicle. Shortly thereafter some internal-revenue agents seized the rum and the vehicle. Relying on the case *General Motors Acceptance* v. *Brañuela,* 61 P.R.R. 701,

this Court held that the confiscation of the vehicle lies, notwithstanding the fact that plaintiff had not authorized such use of the vehicle and the innocence of the employer. The vehicle was forfeitable even if the operator had not acted within the scope of his employment. The *Metro Taxicabs, Inc.* case, *supra*, is not applicable to the case at bar. That case involved a proceeding *in rem* against the vehicle proper and not a personal action against the employer. The liability fell on the vehicle and not on the owner personally and, therefore, it was not relevant whether the driver was acting within the scope of his employment, considering in particular that the liability was determined exclusively by the express terms of a statute which did not require the agent to act within the scope of his authority. 30 Am. Jur. 547, § 563, p. 545, § 561; *United States* v. *Mincey*, 254 Fed. 287; annotation in 5 A.L.R. 213. In cases such as the one at bar, in which the action is not directed against the vehicle but against the owner, the owner's personal liability must be established by a showing that the driver has acted within the scope of his employment.

The judgment appealed from will be affirmed.