455 P.2d 995

In the Matter of ONE 1965 FORD MUSTANG, Motor No. 5R07A242628, License No. HGH–968.

**STATE of Arizona, Appellant,**

v.

**Rose I. LEWIS, Appellee.**

**No. 1 CA–CIV 776.**

Court of Appeals of Arizona.

July 1, 1969.

Rehearing Denied Sept. 5, 1969.

Review Granted Nov. 4, 1969.

Robert K. Corbin, Maricopa County Atty., Ronald W. Meyer, Deputy County Atty., Phoenix, for appellant.

Kramer, Roche, Burch, Streich & Cracchiolo, by B. Michael Dann, Phoenix, for appellee.

HATHAWAY, Judge.

The State appeals from a ruling that A.R.S. § 36–1041 et seq., is unconstitutional because no provision is made for an innocent owner's avoidance of forfeiture of an automobile used for transportation of narcotics. A.R.S. § 36–1041 states:

"The interest of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug is unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant, shall be forfeited to the state."

The appellee, Rose I. Lewis, often allowed her son, Michael, to use her 1965 Ford Mustang. On April 13, 1967, while using the automobile with his mother's consent, Michael met with an undercover agent for the Arizona State Department of Liquor Licenses and Control, at Uptown Plaza Shopping Center in Phoenix and arranged to secure for the agent a lid of marijuana to be delivered to him the following day. Using his mother's Mustang, Michael delivered the marijuana as arranged. He was later arrested and charged with sale of marijuana and the Ford Mustang was seized by the State. No question of entrapment is raised.

The State's position is that the statute is constitutional and the judgment of the trial court should be reversed. The contention is made that a motor vehicle forfeiture action is an action *in rem* and is directed against the property itself, quoting the general rule concerning forfeitures from 23 Am.Jur. Forfeiture & Penalties § 6, p. 603:

"Our statutes providing for forfeitures have been, since the earliest days of our history as a nation acting under the Constitution and congressional laws, proceedings in rem, the policy of which is confiscation and forfeiture to the government directed against property itself. The ancient doctrine requiring conviction of a personal offender does not apply to seizures and forfeitures created by statutes in rem, for the reason that the thing in such a case is primarily considered as the offender, or rather that the offense is attached primarily to the thing, whether the offense is *malum prohibitum* or *malum in se*." (Emphasis added.)

Historically, forfeiture proceedings have been deemed to be civil proceedings *in rem*. 23 Am.Jur. Forfeiture & Penalties § 14, p. 611. The acts and declarations of the person in control of the vehicle, with the consent of the owner, bind the vehicle and the owner. People v. One 1948 Chevrolet Convertible Coupe, Engine No. FAA 433685, 45 Cal.2d 613, 290 P.2d 538, 55 A.L.R.2d 1272 (1955).

The United States Supreme Court has held that the rule of exclusion of evidence obtained through an unreasonable search and seizure is applicable to State proceedings for the forfeiture of an automobile used for illegal transportation of liquor, where such proceedings require the determination that the criminal law has been violated and where the forfeiture may impose a greater penalty than is provided for conviction of the criminal offense. One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). The court acknowledges Justice Bradley's observation from Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), that " * * * a forfeiture proceeding is quasi-criminal in character."

We are of the opinion, however, that another decision from our nation's Su-

preme Tribunal is more akin to the problem presented. In Van Oster v. Kansas, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354, 47 A.L.R. 1044 (1926), the court upheld the constitutionality of a statute authorizing forfeiture of an automobile entrusted to a bailee who used it for the unlawful transportation of intoxicating liquor. The unlawful use was without the knowledge or consent of the owner. Justice Stone most aptly pointed out:

> "It is not unknown, or indeed uncommon, for the law to visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he has intrusted it. Much of the jurisdiction in admiralty, so much of the statute and common law of liens as enables a mere bailee to subject the bailed property to a lien, the power of a vendor of chattels in possession to sell and convey good title to a stranger, are familiar examples. They have their counterpart in legislation imposing liability on owners of vehicles for the negligent operation by those intrusted with their use, regardless of a master-servant relation. (citations omitted) They suggest that certain uses of property may be regarded so undesirable that the owner surrenders his control at his peril. The law thus builds a secondary defense against a forbidden use and precludes evasions by dispensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent owner. So here the legislature, to effect a purpose clearly within its power, has adopted a device consonant with recognized principles and therefore within the limits of due process."

47 S.Ct. at 134.

The record in the case at bench does not disclose the degree of care exercised by appellee · in permitting her son's unsupervised use of the vehicle, except as shown circumstantially through the aftermath. Be that as it may, a salutary purpose may be served through the "secondary defense"

underlying our forfeiture statute and referred to by Justice Stone. The risk of loss imposed on the "innocent" owner-parent should tend to enlist interest and aid from otherwise indifferent parents in supervising their children. To engraft an exception into the statute permitting appellee's avoidance of the forfeiture would elevate property rights above filial responsibilities.

The judgment is reversed.

MOLLOY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.