UNITED STATES of America, Appellant,

v.

ONE PARCEL OF REAL PROPERTY, with Buildings, Appurtenances and Improvements, Included in the North 907.5 Feet of the Northeast Quarter (NE ¼) of Section Twenty–Eight (28), Township One Hundred Forty–Three (143), Range Eighty–Eight (88), Mercer County, North Dakota, Appellee,

Roger Endreson, Myron D. Neuberger, and Debra J. Neuberger, Appellees.

No. 92–3081.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1993.

Decided July 27, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 8, 1993.

Lynn Jordheim, Fargo, N.D., argued (Stephen D. Easton, Vicki J. Aldridge, on the brief), for appellant.

Thomas Schoppert, Minot, N.D., argued, for appellee.

Before C. ARLEN BEAM, Circuit Judge, DONALD R. ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The United States appeals the order of the district court dismissing with prejudice this forfeiture case against certain real property and a vehicle owned by Myron and Debra Neuberger. We reverse.

The Neubergers were defendants in a criminal case that charged violations of the Controlled Substances Act, and the United States claimed that the relevant property was bought with drug proceeds and was involved in a so-called money-laundering. The property, the government's argument runs, was therefore forfeitable under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981. The district court held that this action was barred by a plea agreement entered into between the Neubergers and the United States, under which the government agreed that it would "not initiate future proceedings against the defendant[s] for any crimes which are within the scope of the investigation and the Indictment in this case." The trial court recognized that a forfeiture proceeding was *in rem*, and thus could fairly be excluded from the phrase "future proceedings against the defendant for any crimes." But it neverthe-

less concluded that the suit was barred because the Neubergers were indispensable parties to the *in rem* proceeding and because the agreement had specifically reserved from its application any proceeding relevant to a "civil liability that may be owed to or claimed by the Internal Revenue Service." The relevance of this latter observation, the trial court thought, was that the government "could have [in the plea agreement] exempted civil liability for future forfeiture proceedings ... but did not."

■ We understand the logic of the district court's conclusions but feel constrained to disagree with them. Under generally accepted contract principles, we review *de novo* the district court's findings as to the meaning of an unambiguous contract, *Case Intern. Co. v. T.L. James and Co., Inc.*, 907 F.2d 65 (8th Cir.1990), and find that its plain meaning does not encompass the kind of action brought here. Forfeiture actions are not properly describable as "proceedings against [a] defendant ...," and we presume that defendants' counsel understood that. This case was not brought against the Neubergers: it was brought against their property. Furthermore, the phrase "for any crime" indicates to us that the perimeters of the bar created by the agreement confined it to criminal proceedings, and forfeiture proceedings are civil in nature. *See United States v. One Parcel of Property*, 964 F.2d 814, 817 (8th Cir.1992). The portion of the agreement that refers to claims by the Internal Revenue Service, we venture, was included out of an abundance of caution; and we think that it would be wrong to penalize the government for erring on the side of carefulness. Other forfeiture actions had already been instituted against the Neubergers, and we can see the logic of thinking that it was hardly necessary to call their attention to the existence of those kinds of proceedings.

We therefore reverse the district court and remand the case for further proceedings consistent with this opinion.

BEAM, Circuit Judge, dissenting.

This case involves a plea bargain between a married couple and the government. In exchange for the government's promise not to "institute future proceedings against the defendant[s] for any crimes which are within the scope of the investigation and Indictment in this case," each spouse agreed to plead guilty to certain drug charges and agreed not to contest the two pending civil forfeiture actions against their home, homestead, and vehicle. Joint Appendix at I–45–47. After the Neubergers had pled guilty in compliance with the plea agreement, the government instituted a third civil forfeiture action against a separate acreage abutting the land forfeited through their plea agreement. The Neubergers challenged this forfeiture action on the grounds that it violated the government's pledge to institute no further "proceedings" against them for "any crimes which are within the scope of the investigation and Indictment in this case."

Contrary to the court's holding, this subsequent forfeiture proceeding qualifies as a "proceeding" instituted because of "crimes which are within the scope of the investigation and Indictment in this case." It is, therefore, barred by the government's bargain. The government clearly considered the two pending civil forfeitures to be proceedings against the Neubergers, otherwise it would not have incorporated those actions into the plea agreement. The government bargained for the Neubergers, not pieces of property, to forego contesting the listed forfeitures. Under the plea agreement, the Neubergers could not have contested those forfeitures on the grounds that they were acting in the name of the property rather than for themselves. The plea agreement likewise bars the government from doing, in effect, the same thing—instituting further proceedings, but justifying them as against the Neubergers' "property" rather than against the Neubergers themselves.

The court's opinion blends two grounds to reverse the district court's well-reasoned decision that the government's pursuit of this action violates both the letter and the spirit of the plea agreement. Those grounds are that the current forfeiture action is civil, not criminal, and that it is in rem, not in personam. Both are illusory.

The court limits the scope of the plea agreement to further criminal proceedings against the Neubergers by importing a new term into the agreement. The plea agreement does not limit its scope to further "criminal proceedings" against these defendants but specifies that there will be no further "'proceedings' against the defendant[s] for any crimes which are within the scope of the investigation and Indictment in this case." The forfeiture statutes under which the government is proceeding, recent Supreme Court rulings, and the government's forfeiture pleadings themselves make it abundantly clear that this forfeiture is a "proceeding" against the Neubergers for crimes within the scope of the investigation and is within the scope of the plea bargain.

The statutes at issue focus not on the property's culpability, but on the owner's culpability. 18 U.S.C. § 981; 21 U.S.C. § 881. Both specifically exclude from forfeitability property of an owner who has not acted culpably. *See* 18 U.S.C. § 981(a)(2) ("[n]o property shall be forfeited under this section to the extent of the interest of an owner or lienholder by reason of any act or omission ... committed without the knowledge of that owner or lienholder"); 21 U.S.C. § 881(a)(6) ("no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission ... committed or omitted without the knowledge or consent of that owner"). In rem forfeiture is theoretically based on the guilt or taint of the property, not on the owner's acts. *See* 1 D. Smith, *Prosecution and Defense of Forfeiture Cases,* ¶ 2.03, 2–10; ¶ 2.04, 2–26–30.1 (1993); 37 C.J.S. *Forfeitures* § 5(d) & (e) (1943 & Supp.1993). A forfeiture statute which excludes property owned by an innocent, and only works a forfeiture of that portion owned by a culpable person may be titled "in rem" for jurisdictional purposes, but it acts "in personam." As the Supreme Court recently held in *Austin v. United States,* ── U.S. ──, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), forfeiture of real property tainted by drug offenses is a punishment for the defendant's bad acts, whatever label it is given. In *Austin,* the Supreme Court

admonished the government not to rely on the acknowledged fiction that an in rem proceeding is against the property and not against the owner to support the government's argument that such forfeitures did not punish the owner. *Id.* ── U.S. at n. 9, 113 S.Ct. at 2808–09, n. 9. The Supreme Court noted that the technical distinctions between in rem and in personam actions developed for jurisdictional reasons, and were irrelevant to whether forfeiture based on the owner's conduct is punishment *to the owner* for constitutional purposes. *Id.*

To support the government's position that this forfeiture action is a "proceeding" against the property, not the Neubergers, and, therefore, not technically encompassed by the language of the plea agreement, one must rely on the same fictional distinctions dismissed in *Austin.* I am unwilling to do so. The Neubergers agreed to plead guilty in exchange for a fixed upper limit to their punishment for their crimes. The government's further forfeiture action against their property is an infliction of punishment beyond the agreed upon limit, and the district court was clearly correct to dismiss it as barred by the plea agreement.

The government's briefs, forfeiture pleadings, and motion for summary judgment demonstrate both that this forfeiture is of the genre of "proceeding" encompassed by the plea agreement, and that it is an action to punish the defendants for their crimes rather than an action against the property.[1] In the government's own words "[t]he forfeiture is directly tied to the choice and conduct of the *perpetrator.*" Reply Brief at 9 (emphasis added). "[A]s to the wrongdoer, *any* amount of the invested proceeds traceable to drug activities forfeits the entire property." Joint Appendix at I–9, Government's Brief in Support of Motion for Summary Judgment (emphasis added). As the Supreme Court found in *Austin,* a forfeiture based on the owner's acts has historically been understood as imposing punishment, and this forfeiture is not atypical.

---

1. The acreage in question is valued by the government at no less than $25,000. The forfeiture is based on $4,230 of tainted funds which allegedly went to its purchase.

The government's understanding that forfeiture actions were encompassed by the agreement is evident from its own pleadings. "Neuberger plead [sic] guilty on March 25, 1991, ... and *as a part of the criminal proceeding forfeited* [90 percent] of his residence ..., together with a vehicle commonly used at that residence." *Id.* at I–2 (emphasis added). "[T]he prior cases [resolved by the plea agreement], *criminal and civil,* addressed criminal violations *and* the forfeitability of the Neubergers' home [and homestead and vehicle]. *Id.* at I–13 (emphasis added). That this forfeiture action is for "crimes which are within the scope of the investigation" is also clear: "The issue of whether [this property is forfeitable] is identical to ... the merits in the criminal case...." *Id.* at I–15. "Neuberger specifically, has plead [sic] guilty to money laundering.... He has told the court in his earlier criminal case ... that part of the money laundered was the two payments ... on the defendant real property." *Id.* Considering the plea agreement as a whole, as the government argues we must, it is clear that civil forfeitures are "proceedings" within its scope.

Finally, in its summary judgment motion, the government acknowledged the interest of a third party in the property and pledged to respect it. Joint Appendix at I–2. Thus, any fiction that this action is against the property and not the defendants becomes farfetched indeed. In a true in rem action, the government takes title against all the world for some fault of the property. *See Van Oster v. Kansas,* 272 U.S. 465, 467–68, 47 S.Ct. 133, 134, 71 L.Ed. 354 (1926); 1 D. Smith, *Forfeitures,* at ¶ 2.03, 2–10. The property is dangerous, it is contraband, or it is being actively used to commit a crime. Because of the property's fault, no one's interest in it is valid regardless of culpability. *Van Oster,* 272 U.S. at 467–68, 47 S.Ct. at 134; 1 D. Smith, *Forfeitures,* at ¶ 2.03, 2–10, ¶ 2.04, 2–26–28; 37 C.J.S., *Forfeitures,* at § 5(d) & (e). The hallmark of an in personam action against property is that the government takes title only against the wrongdoer, which is a specific person, not the property itself. 1 D. Smith, *Forfeitures,* at ¶ 2.03, 2–10. This is true regardless of the label employed or the means employed to guarantee the court jurisdiction over the property. Here, the government tacitly acknowledges in its summary judgment motion, as it must under the terms of the statutes, that its action is only against the Neubergers' title, not against the title of any innocent co-owners. Therefore, this action is in substance an in personam action against the defendants for the crimes settled with the plea bargain, and is in direct contravention of that bargain.

Even assuming that the plea agreement did bar only further criminal proceedings, this action is criminal in nature, if civil in form, and should still be barred. *See United States v. Ward,* 448 U.S. 242, 254, 100 S.Ct. 2636, 2643–44, 65 L.Ed.2d 742 (1980) (analyzing *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), which held that Fourth and Fifth Amendment protections applied to forfeitures which were criminal in nature, whether or not they be civil in form, in rem, or in personam). As in *Boyd,* the forfeiture in question here could have been brought under the criminal indictment, and as in *Boyd,* the forfeiture here is of property, "a penalty that ha[s] absolutely no correlation to any damages sustained by society or to the cost of enforcing the law." *Id.* The *Ward* court found that those two factors determined whether or not a civil penalty is criminal in nature, and therefore whether the Fifth Amendment's self incrimination clause, which is textually limited to criminal cases, applied. The *Boyd* court found it significant that the government chose to do by civil action what it could have done by indictment, and thus stripped the *Boyd* defendants of their constitutional protections. *Boyd,* 116 U.S. at 634, 6 S.Ct. at 533. I find those circumstances indistinguishable from those before us. The government is attempting to do through civil action that which it has promised not to do, bring further proceedings against the Neubergers for their crimes. The government argues that the plea agreement is textually limited to criminal actions. As the *Ward* court looked to the nature of the action to determine the applicability of a provision textually limited to criminal cases, so should we. The artifice of "labels affixed

... to the proceeding ... [is] not controlling and will not be allowed to defeat the applicable protections of federal constitutional law." *United States v. Halper*, 490 U.S. 435, 448, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989). Likewise, such artifice should not enable the government to evade its own plea agreement. The Neubergers entered guilty pleas in exchange for a limit on their punishment. They upheld their half of the bargain, the government should be compelled to uphold its half.

If nothing else, the plea agreement is ambiguous as to whether the agreement "not [to] institute future proceedings against the defendant[s] for any crimes ... within the scope of the investigation" is limited to criminal proceedings or encompasses civil forfeiture actions. First, the express terms do not limit the agreement to criminal proceedings. The ambiguity is enhanced by the fact that the agreement also disposes of two civil forfeiture proceedings against the Neubergers' property. A reference to further "proceedings" in a plea agreement resolving criminal charges and in rem civil proceedings almost certainly encompasses both types of proceedings, and if not, should clearly say not. *See In re Arnett*, 804 F.2d 1200, 1203 (11th Cir. 1986). Further, the agreement specifically excludes civil actions by the IRS from its terms, leading to the inference that other civil actions were included.[2] Finally, the transaction which is the basis of this forfeiture action is listed in the plea agreement as one of Mr. Neuberger's crimes. That, coupled with the fact that the plea agreement disposed of two civil forfeiture actions based on listed criminal acts, at least implies that no "future proceedings ... for any crimes which are within the scope of the investigation" included no future forfeiture proceedings based on those acts. If for no other reason, the plea bargain should be construed against the government on the grounds of ambiguity. *United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990) (ambiguous plea

agreements must be construed against the drafter).

Because the result the court reaches is contrary to the terms and the spirit of the Neubergers' plea bargain, and ratifies questionable practices by the government, I respectfully dissent.

**2.** *Arnett* dealt with a plea agreement which specified one forfeiture, but did not warn the defendant that he might be subject to other forfeitures. "The written agreement nowhere states that a further forfeiture will be permitted: it specifies an agreed upon forfeiture, but does not reserve any right in the government to take further,

similar action." The government argued that it had not specifically promised no further forfeitures, however the court found that "[a] plea agreement is not an appropriate context for the government to resort to a rigidly literal approach in the construction of language." *Arnett*, 804 F.2d at 1203.