MORRIS SHEPPARD ARNOLD, Circuit Judge,
concurring.
I agree with Judge Richard S. Arnold’s admirably lucid statement of the applicable law, which, distilled, is that a person has a constitutional right to be free from government action that is so arbitrary that it shocks the conscience. For me, therefore, the question reduces itself to whether Mr. Singleton’s treatment in the circumstances of this case is shocking to the conscience in the constitutional sense. I conclude that it is not.
It would have been an act of considerable disloyalty on Mr. Singleton’s part to connive in his wife’s scheme, or fail to try to dissuade her from it. It would, moreover, not have been unreasonable to suspect that Mr. Singleton was guilty of one or both of these acts, and I cannot conclude that it would be irrational to take *430 action against someone who was reasonably suspected of disloyalty. I stress the point that the proper inquiry is whether Mr. Singleton’s employment could rationally have been terminated, not whether the defendants could have proved that he was in fact disloyal. If a reasonable suspicion motivates an act, the act cannot be irrational; and it is not unreasonable to suppose that a man or a woman knows what his or her spouse is up to. In fact, the Supreme Court has pointed out that a governmental act similar to the one complained of here was reasonable because it “precludes evasions by dispensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent” party. Van Oster v. Kansas, 272 U.S. 465, 467-68, 47 S.Ct. 133, 71 L.Ed. 354 (1926).
Since terminating Mr. Singleton’s employment was not objectively irrational, it passes constitutional muster. Suppose, though, that the defendants fired Mr. Singleton, not because they suspected him of collusion on some level, but simply because of what his wife did; and suppose that I am wrong in assuming that the constitutional inquiry is an objective one, that is, one that does not focus on the defendants’ actual subjective motive. I would still not find that the defendants acted illegally. For one thing, firing Mr. Singleton for his wife’s acts rationally serves the legitimate purpose of ensuring that officers conscientiously monitor and police their spouses’ actions. It is rational, moreover, to fire Mr. Singleton in order to punish his wife and discourage further unwanted behavior on her part. Finally, it is rational to terminate Mr. Singleton’s employment as a kind of retribution against his wife, even if it did not discourage further unwanted conduct. Retribution may be out of favor, but it is hardly irrational. Indeed, whole societies have organized their legal systems around the idea.
One or perhaps all of these motivations may strike many as mean-spirited or even immoral. Since they are not irrational, however, they are not unconstitutional, and the present case can serve, as Mr. Justice Thomas put it in a similar case, as “a reminder that the Federal Constitution does not prohibit everything that is intensely undesirable.” See Bennis v. Michigan, 516 U.S. 442, 454, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996) (concurring opinion).
I therefore concur in the judgment of the court.