**William G. HAYES, Plaintiff,**

v.

**Claude A. ARMOUR, Commissioner, Tennessee Department of Safety, et al., Defendants.**

**No. C–75–287.**

United States District Court,
W. D. Tennessee, W. D.

Feb. 12, 1976.

John M. Fincher, N. Little Rock, Ark., for plaintiff.

Michael E. Terry, Asst. Atty. Gen., Nashville, Tenn., and Leo Bearman, Jr., Memphis, Tenn., for defendants.

Before PHILLIPS, Chief Circuit Judge, BROWN, Chief District Judge, and WELLFORD, District Judge.

## OPINION AND ORDER

WELLFORD, District Judge.

An Arkansas citizen, Hayes, flew his airplane from Little Rock to the Memphis International Airport on August 27, 1974, whereupon shortly after landing he was placed under arrest by members of the Metro Narcotics Unit for illegal possession of a quantity of heroin with intent to sell. On September 16, following, he pleaded guilty to a reduced charge of possession of a controlled substance. Defendant, Armour, then Commissioner of Safety for the State of Tennessee, on September 27, notified Hayes of an order pertaining to disposition of Hayes' airplane which had been seized by the State at the time Hayes was arrested under provisions of T.C.A. 52–1443.[1]

The airplane, subject to an outstanding lien, was originally seized in accordance with this Tennessee law providing for forfeiture. Notice issued immediately to Hayes that the plane "will be forfeited and subject to public sale or other lawful disposition after fifteen (15) days from receipt . . . unless any claimant to the seized goods shall file with the Commissioner of Safety . . . a claim in writing, stating his interest in the seized goods and requesting a hearing pursuant to Sec. 52–1404, T.C.A." The notice was addressed to Hayes at his Little Rock address and to a lienholder. Hayes signed and received this notice, but never asserted a claim, requested a hearing or contacted defendant Commissioner of Safety in any respect.

On May 2, 1975, the Shelby County, Tennessee Criminal Court, pursuant to defendant Armour's petition, remanded possession of the plane to the then Sheriff of Shelby County for his use pursuant to the Tennessee law, and at the time of this suit on June 20, 1975, the Sheriff remained in possession. Hayes was named a defendant in the Criminal Court forfeiture action and participated fully in the proceedings there, which resulted in the transfer of the plane to the defendant Sheriff Nixon and/or the Metro Narcotics Unit.

The Complaint does not challenge T.C.A. 52–1443 which provides for forfeiture of conveyances used, or intended to be used, for transportation of contraband such as an illegal drug or controlled substance

---

1. This section, part of the Tennessee Drug Control Act, provides, in substance, that property subject to forfeiture may be seized by the Commissioner of Safety or a law enforcement officer upon process or incident to a lawful arrest or search, subject only to orders of the circuit criminal court, and may be used in the drug enforcement program of the county wherein the goods are seized; and confiscation proceedings are to be conducted pursuant to other sections of this law in controversy.

like heroin. Rather, plaintiff, Hayes, contests the forfeiture procedures conducted by the Commissioner of Safety in accordance with T.C.A. 52–1404 through 52–1407, inclusive. Hayes sued, after conclusion of adverse State Court determination, in this Court to challenge the statutory procedure as an unconstitutional deprivation of his privilege against self-incrimination, his right to trial by jury, and a denial of due process and equal protection of the law under appropriate constitutional amendments. Plaintiff also seeks an injunction to restrain enforcement of the aforesaid Tennessee Drug Control Act of 1971 and applied for convening of a three-Judge Court under 28 U.S.C. § 2281 and 28 U.S.C. § 2284. Judge Wellford, on September 11, 1975, overruled all of Hayes' constitutional contentions as being insubstantial and without merit except for the contention that the Tennessee procedural requirements under these circumstances wrongfully infringed upon his Fifth Amendment privilege against self-incrimination. *See Fell v. Armour,* 355

F.Supp. 1319 (M.D.Tenn., 1972);[2] *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); and *Hagans v. Lavine,* 415 U.S. 528, 537, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

The Court has heard argument and considered the briefs of counsel bearing upon the narrow issue:

Is the requirement of T.C.A. 52–1404, *et seq.,*[3] that a claimant who is a criminal defendant, come forward and prove his bona fide innocent interest in a confiscated conveyance violative of the Fifth Amendment right against self-incrimination? Our answer, under the circumstances presented, is no.

■ Statutory forfeiture schemes are not unconstitutional because of potential applicability to the property interests even of innocent persons. *Calero-Toledo v. Pearson Yacht Leasing Co., supra,* 416 U.S., p. 680, 94 S.Ct. 2080. *See, The Paemyra,* 12 Wheat. 1, 6 L.Ed. 531 (1827); *United States v. Brig Malek*

2. This was a three-Judge Court which considered the constitutionality of this same Tennessee statute and suggested areas of necessary amendment to meet due process requirements. The statute was subsequently amended in conformity.

3. In part, T.C.A. 52–1404 states:

"Procedure in confiscation of drug and vehicle.—In all cases of seizure of any narcotic drugs or marihuana or any vehicle, aircraft or boat or other property subject to forfeiture under the provisions of this chapter, the officer or other person making the seizure shall proceed as follows:

First: He shall deliver to the person, if any, found in possession of such property or conveyance, a receipt. Said receipt shall state a general description of the seized property or conveyance, the reasons for the seizure, the procedure by which recovery of the property or conveyance may be sought, including the time period in which a claim for recovery must be presented, and the consequences of failing to file within the time period. If the person found in possession of said conveyance is not the sole unencumbered owner of same, the department of safety shall make a reasonable effort to notify the owner and/or lienholder of the seizure by furnishing all parties known to have an interest in said conveyance with a

copy of the receipt. A copy of the receipt shall be filed in the office of the department of safety and shall be open to the public for inspection.

\* , \* \* \* \* \*

Third: Any person claiming any property so seized as contraband goods may, within fifteen (15) days after receipt of notification of seizure, file with the commissioner at Nashville a claim in writing, requesting a hearing and stating his interest in the articles seized. \* \* \*.

The commissioner shall set a date for hearing within fifteen (15) days from the day the claim is filed. The commissioner of safety is empowered to subpoena witnesses and compel their attendance at hearings authorized hereunder. All parties to the proceeding, including the person claiming such property, shall have the right to have subpoena issued by the commissioner to compel the attendance of all witnesses deemed by such parties to be necessary for a full and complete hearing. \* \* \* At each hearing authorized hereinabove the state shall have the burden of proving by a preponderance of the evidence that the seized property was of a nature making its possession illegal or was used in a manner making it subject to forfeiture under the provisions of §§ 52–1404—52–1450, and failure to carry the burden of proof shall operate as a bar to any forfeiture hereunder."

*Adhel,* 2 How. 210, 238, 11 L.Ed. 239 (1844); *Dobbins Distillery v. United States,* 96 U.S. 395, 24 L.Ed. 637 (1878); *United States v. Stowell,* 133 U.S. 1, 10 S.Ct. 244, 33 L.Ed. 555; *Goldsmith-Grant Co. v. United States,* 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1921); *Van Oster v. Kansas,* 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354 (1926). Compare, *United States v. U. S. Coin and Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).

The latter decision raised the question as to legitimacy of a federal forfeiture proceeding which evidenced an intent "to impose a penalty only upon those who were significantly involved in a criminal enterprise"—in that case, gambling. 401 U.S. 721, 91 S.Ct. 1045. Plaintiff does not here challenge the Tennessee statute on grounds that it is limited in its application only to persons or criminal defendants "significantly involved in a criminal enterprise" or that it did not serve a legitimate purpose. *Calero-Toledo v. Pearson Yacht Leasing Co., supra,* 416 U.S., pp. 688, 690, 94 S.Ct., p. 2094.

The problem with plaintiff's contention in this case is that he made no claim whatsoever, nor has he shown that the mere filing of a claim in any way prejudices or amounts to derogation of his privilege not to be compelled to testify against himself. The statute permits a simple claim so that even a defendant with charges pending against him could simply assert that he claimed an interest in the property subject to forfeiture and request a hearing. Hayes was the possessor of the plane in controversy as well as the owner; he was free to assert his interest without being required to incriminate himself in any way demonstrated to this Court. Plaintiff himself made no predicate for a challenge of this statutory procedure.

The statute prescribes that "the commissioner shall set a date for hearing within fifteen (15) days from the day the claim is filed." Apparently plaintiff has contended that he might have been compelled to testify in the civil hearing in order to protect his interest in the plane and thus defeat his privilege in the pending criminal case against him on the drug charges. Of course, plaintiff himself was not put to any such choice as he filed no claim and requested no hearing before pleading guilty to criminal charges. Plaintiff himself, under these circumstances, was not "compelled in any criminal case to be a witness against himself" as proscribed by the Fifth Amendment. The Commissioner, upon request within fifteen days, may postpone or set the civil hearing on forfeiture to a time beyond the date set on criminal charges, if notified or requested so to act.

*Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1885), relied upon by plaintiff, held that a customs statute, providing for criminal sanctions and forfeiture for fraudulent importation of goods, was of "quasi criminal nature," (116 U.S. 634, 6 S.Ct. 524) and thus seizure under court order of certain records and invoices of the defendant, as well as merchandise imported, violated principally the Fourth, but also the Fifth, Amendment rights of this defendant. The order of production under these circumstances was held to be an unreasonable search and seizure and compelled the defendant in that quasi criminal proceeding to testify against his interests. 116 U.S. 634, 635, 6 S.Ct. 524. The concurring opinion in that case emphasized that the offending act allowed what was, in effect, a subpoena duces tecum to be issued against the defendant, a claimant, involving "charges of a criminal nature." 116 U.S. 639, 6 S.Ct. 524. In the present controversy, however, plaintiff has failed to show that the proceedings in question were criminal in nature, or that he was called upon to testify or produce evidence that might be used against him in the separate criminal case in which he was charged with possession of illegal drugs.

This Court does not reach the question as to whether any claim or testimony submitted by plaintiff, had he elected to avail himself of those privileges under the Tennessee law in the forfeiture pro-

ceedings, could in any way have been utilized subsequently in a contested criminal hearing on drug charges.

 The plaintiff has failed to prove that T.C.A., Sections 52–1404 through 52–1407, are unconstitutional or that these sections were unconstitutional as applied to him. He is, therefore, not entitled to injunctive or other relief, and this cause is accordingly dismissed with costs assessed against the plaintiff.