805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny WEST, Plaintiff-Appellant,
v.
Gene ROBERTS, et al., Defendants-Appellees.
 No. 85-5811.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1986.
 
 1
 Before NELSON and RYAN, Circuit Judges, and ENSLEN, District Judge*.
 
 ORDER
 
 2
 This matter is before the Court upon consideration of appellant's appeal from the district court's order dismissing his civil rights complaint. The matter has been referred to a panel of the Court pursuant to Rule 9, Rules of the Sixth Circuit. Upon examination of the parties' briefs and the certified record, the panel agrees unanimously that oral argument is not necessary.
 
 
 3
 Appellant was charged with selling drugs from his automobile. Subsequent to a hearing, the automobile was forfeited pursuant to Tennessee's statutory forfeiture procedure, T.C.A. 53-11-201. At that time, criminal charges were still pending against appellant in a separate proceeding. Appellant did not file an appeal from the Safety Department Commissioner's forfeiture decision.
 
 
 4
 Eventually the criminal charges against appellant were dismissed. He then filed an action under 42 U.S.C. Sec. 1983 alleging that the Tennessee forfeiture proceedings are unconstitutional, naming as defendants, the Department of Safety's Commissioner, and a hearing officer of the department. Precisely, appellant argues that the period in which to appeal the Commissioner's forfeiture decision denied him due process because it barred him from review once valid grounds for appeal existed due to the dismissal of the criminal charges. The action was dismissed against the hearing officer on the basis of judicial immunity. The former Commissioner, having never been served, was also dismissed from the action. The present Commissioner was substituted in the action, and the district court dismissed appellant's complaint holding that the Tennessee forfeiture statute is constitutional. Appellant appealed.
 
 
 5
 Upon consideration this Court finds that the district court's order must be affirmed. A statute is not unconstitutional because of its applicability to the property interests of an innocent individual. See Calero-Toledo v. Pearson Yacht Leasing, Co., 416 U.S. 663 (1974); Hayes v. Armour, 407 F.Supp. 837 (W.D.Tenn.1976). The forfeiture proceeding was civil in nature and separate from the criminal action pending against appellant. Hayes, supra. Appellant's loss of an opportunity for review was not due to a denial of due process, but his erroneous belief that he lacked grounds for an appeal and his negligence in failing to request an extension of time in which to file an appeal.
 
 
 6
 In addition, appellant's action fails as to any liability against defendants. The hearing officer was properly dismissed from the action on the basis of judicial immunity. See Stump v. Sparkman, 435 U.S. 349 (1978). The Commissioner was not Commissioner at the time of appellant's alleged wrongful deprivation. Having no personal involvement in the proceedings, he cannot be held liable on the theory of respondeat superior. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).
 
 
 7
 It is therefore ORDERED that the district court's order be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation