Thomas J. FRISBY, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 94–3819.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 8, 1996.

Decided March 13, 1996.

Donald E. George (argued and briefed), Akron, OH, for plaintiff-appellant.

Patrick J. Hanley (briefed), Covington, KY, Dana Boente (argued), U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before ENGEL, KENNEDY, and SUHRHEINRICH, Circuit Judges.

KENNEDY, Circuit Judge.

Plaintiff appeals the denial of his motion under FED. R. CRIM. P. 41(e) for the return of seized property. For the following reasons, we AFFIRM the decision of the District Court.

## I.

On February 2, 1994, a special agent from the Internal Revenue Service, Criminal In-

vestigation Division ("IRS–CID") sought a search warrant for plaintiff's home and office. According to the affidavit in support of the warrant application, the IRS–CID had probable cause to believe that plaintiff had violated numerous federal tax laws.

After reviewing the warrant application and the supporting affidavit, the Magistrate Judge issued the search warrant. The warrant incorporated by reference an "Attachment A," which specifically enumerated the items to be seized. Among these items were currency and various pamphlets and publications instructing people how to "legally" avoid paying federal taxes.

On February 3, 1994, IRS–CID agents executed the search warrant and seized various items including numerous publications, $3091 in cash, and fifty tubes containing twenty silver coins each.

Pursuant to Federal Rule of Criminal Procedure 41(d), the agents served plaintiff with a copy of the warrant at the time of the search. The agents inadvertently failed to provide plaintiff with a copy of Attachment A. However, after completing the search and before leaving the premises, the agents provided plaintiff with a complete inventory of the items they had seized.

■ Shortly after execution of the warrant, plaintiff filed a *pro se* motion for the return of his property, and the government responded. The magistrate judge who issued the warrant held a hearing at which plaintiff was represented by retained counsel. After some additional briefing, the magistrate judge filed a report and recommenda-

tion denying plaintiff's motion. The District Court, after a hearing, adopted this recommendation and plaintiff now appeals.[1]

## II.

Plaintiff's general argument is that since the search and seizure of his property, either in whole or in part, was unlawful, he is entitled to the return of his property pursuant to Federal Rule of Criminal Procedure 41(e).[2] Specifically, plaintiff claims: 1) the search of his premises and the seizure of his property was unlawful because the IRS–CID agents failed to serve him with a copy of Attachment A to the warrant; 2) agents unlawfully seized property from his premises that was not enumerated in Attachment A; 3) agents seized property in violation of his First Amendment rights; and 4) agents unlawfully seized currency derived from legitimate sources. We consider these arguments in turn.

## III.

We note at the outset that plaintiff does not challenge the probable cause underlying the warrant or the specificity with which the places to be searched or the things to be seized are enumerated and, finding no facial deficiencies, we take the warrant to be valid in these respects.

■ Plaintiff first argues that the search of his premises and the seizure of his property was unlawful because the IRS–CID agents failed to serve him with a copy of Attachment A to the warrant. We disagree.

1. We have appellate jurisdiction over this case under *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). In *DiBella*, the Supreme Court held that a ruling on a 41(e) motion is interlocutory when a criminal prosecution is *in esse* and that an unsuccessful movant may appeal only if the motion 1) is "in no way tied to a criminal prosecution *in esse* against the movant" *and* 2) "is solely for return of property [seized]." *Id.* at 131–32, 82 S.Ct. at 660.

Here, there is only a pending investigation, and no outstanding indictment or information, so the first prong of *DiBella* is satisfied. *See In re Warrant Dated Dec. 14, 1990*, 961 F.2d 1241, 1243 (6th Cir.1992) (noting that a pending investigation does not constitute a "criminal prosecution *in esse* "). The second prong of *DiBella* is

also satisfied, as we understand plaintiff's motion to be seeking no more than the return of his property. *See United States v. Hess*, 982 F.2d 181, 184 (6th Cir.1992) (noting that the fact that a movant alleges an unlawful search "does not convert its motion for the return of property into a motion to suppress evidence").

2. Federal Rule of Criminal Procedure 41(e) states, in part:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the grounds that such person is entitled to lawful possession of the property. Fed. R.Crim. P. 41(e) (1995).

The Fourth Amendment does not necessarily require that government agents serve a warrant, or an attachment thereto, prior to initiating a search or seizing property. *United States v. McKenzie*, 446 F.2d 949, 954 (6th Cir.1971). *See also Hulsey v. State of Texas*, 929 F.2d 168, 171–72 (5th Cir.1991) (holding that failure to show warrant to the subject of a search does not invalidate the search under federal law). Here, the search and seizure took place pursuant to a valid warrant and there is no allegation that the failure to serve plaintiff with a copy of Attachment A was either intentional or deliberate. Under these circumstances, the search and seizure was lawful under the Fourth Amendment.

■ Plaintiff is correct when he argues that Federal Rule of Criminal Procedure 41(d) requires that officers "taking property under warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken." FED. R.CRIM. P. 41(d). However, we have held that although the procedural steps enumerated in Rule 41(d) are important and should not be disregarded, they are ministerial and "[a]bsent a showing of prejudice, irregularities in these procedures do not void an otherwise valid search." *McKenzie*, 446 F.2d at 954. *See also United States v. Searp*, 586 F.2d 1117, 1122 (6th Cir.1978) (holding that a nighttime search in violation of FED. R. CRIM. P. 41 was nonetheless valid under the Fourth Amendment because it was executed pursuant to a valid warrant and there was no showing of bad faith on the part of the officers), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979).

Here, plaintiff was not prejudiced by the agents' failure to furnish him with Attachment A prior to the search. Agents conducted the search in accordance with the warrant and seized only those items enumerated in Attachment A. Further, agents provided plaintiff with an inventory of seized property prior to leaving his premises and subsequently provided him with a copy of Attachment A. Finally, plaintiff's legal remedies were in no way affected by the unintentional failure to serve him with a copy of Attachment A prior

to the search. Accordingly, this omission does render the search and seizure unlawful.

Plaintiff's second argument is that agents unlawfully seized property from his premises that was not enumerated in Attachment A. However, as stated above, a review of the record confirms that all of the items inventoried by the agents were specifically enumerated in Attachment A.

■ Next, plaintiff argues that the pamphlets and publications expressing his "anti-tax" political beliefs are protected by the First Amendment and that their seizure was thus unlawful. We disagree. It is true that "[w]here the materials sought to be seized may be protected by the First Amendment, the requirements of the Fourth Amendment must be applied with 'scrupulous exactitude.'" *Zurcher v. Stanford Daily*, 436 U.S. 547, 564, 98 S.Ct. 1970, 1981, 56 L.Ed.2d 525 (1978) (citing *Stanford v. Texas*, 379 U.S. 476, 485, 85 S.Ct. 506, 511, 13 L.Ed.2d 431 (1965)). However, plaintiff has not demonstrated that the warrant requirements of the Fourth Amendment—reasonableness, probable cause, and particularity with regard to the places to be searched and the things to be seized—were not followed. Further, the fact that some of the seized property is expressive written material does not insulate it from government seizure where there is, as here, probable cause to believe that it was used to facilitate criminal activity. *See United States v. Brown*, 49 F.3d 1162, 1169 (6th Cir.) (seizure of Ku Klux Klan publications that were relevant to criminal investigation and specified in search warrant violated neither the First nor the Fourth Amendment), *cert. denied*, —— U.S. ——, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995).

■ Finally, plaintiff argues that he is entitled to the return of the cash and coins seized because they were derived from legitimate sources. We disagree. The affidavit in support of the warrant stated that plaintiff was generating illicit proceeds through his criminal conduct, to wit, he was charging individuals to "untax" property encumbered by tax liens. Testimony from the plaintiff himself, at the hearing before the magistrate judge, provided even more reason to believe that the currency seized constituted illicit

proceeds. Thus, "Currency" was included in the warrant because there was probable cause for seizure of such. We, like the magistrate judge, read "currency" to include both the cash and the coins. *See* BLACK'S LAW DICTIONARY 382 (6th ed.1990). The plaintiff still retains his right to prove his legitimate claim to the currency, if he has one, at a later date.

## IV.

For the foregoing reasons, the decision of the District Court is hereby AFFIRMED.