Keith B. BARANSKI, et al., Plaintiffs,

v.

FIFTEEN UNKNOWN AGENTS OF ATF, et al., Defendants.

Civil Action No. 3:01CV–398–H.

United States District Court, W.D. Kentucky. At Louisville.

March 14, 2003.

Stuart A. Benis, Columbus, OH, Richard E. Gardiner, Fairfax, VA, Saeid Shafizadeh, Louisville, KY, for Plaintiffs.

John E. Kuhn, Jr., Louisville, KY, for Defendants.

## MEMORANDUM OPINION

HEYBURN, Chief Judge.

Defendants, agents of the Bureau of Alcohol, Tobacco and Firearms ("BATF"), were involved in the search and seizure operation. Plaintiff, Keith B. Baranski, imported the machine guns which the agents seized. Plaintiff Pars International Corporation operated the Customs Bonded Warehouse in Louisville, Kentucky which stored the machine guns. Their complaint alleges that Defendants obtained an unlawful warrant and then violated Plaintiffs' rights by seizing 372 machine guns in the warehouse which Pars operated. As a result of the seizures, Baranski was indicted by a federal grand jury and convicted on conspiracy charges. The machine guns were forfeited as the product of criminal acts. In the process, a federal judge denied Baranski's motion to suppress the machine guns as the product of an unlawful search.

This case has been the subject of previous motions. On March 22, 2002, this Court issued a comprehensive Memorandum Opinion and among other things, the Court stayed the civil action pending resolution of the criminal charges.[1] On November 22, 2002, the Court lifted the stay on civil proceedings. At that time, only three civil claims remained. Plaintiffs sought to unseal the affidavit used to support the search warrant. This issue is now moot.[2] Plaintiffs' other claims are for violation of their Fourth and Fifth Amendment rights. They have moved to dismiss

the remaining allegations of the complaint on various grounds of qualified immunity. The Court will now consider each of these claims.

## I.

For purposes of reviewing qualified immunity, the Court must consider in a manner most favorable to Plaintiff all those facts material to that issue.

After a six month investigation BATF agents sought a warrant to search Plaintiffs' premises. On April 10, 2001, Magistrate Judge Gambill issued a warrant for seizure. The affidavit supporting the warrant and identifying the machine guns for seizure was executed by one of the individually named BATF agents, Special Agent Michael Johnson. The affidavit recited that Baranski had imported machine guns to be sold as part of a scheme involving fraudulent demonstration letters, that is, letters from a Sheriff in Missouri requesting demonstrations of machine guns for law enforcement purposes. Judge Gambill sealed the affidavit after issuance of the warrant. Defendants searched the warehouse, seizing 372 machine guns as well as other items. The return of the warrant, executed on April 11, 2001, one day after the machine guns were seized, contains the inventory of the property seized. It also shows that a receipt for the inventory was provided to Saied Shafizadeh, a principal of Plaintiff Pars International.

On July 3, 2002, the Grand Jury of the Eastern District of Missouri returned an indictment against Baranski. The indict-

---

1. That Memorandum Opinion also (1) substituted the United States as the sole defendant as to Plaintiffs' state law tort claims; (2) dismissed those state law claims against the United States as not being presented under the FTCA; (3) denied the United States request to dismiss Count One which requested

unsealing of the affidavit; and (4) dismissed Plaintiffs' claims for return of the property.

2. In its November 22, 2002, order, the Court unsealed the affidavit supporting the search warrant.

ment charged Baranski with conspiring to violate federal firearms laws by submitting false records and sought forfeiture of the machine guns. Baranski moved to suppress evidence of the machine guns on the grounds that their seizure was unconstitutional, but the federal court overruled this motion and found the seizure constitutional. Baranski's criminal trial commenced on November 12, 2002, and concluded with the jury's return of a guilty verdict on November 18, 2002. Thereafter, Judge Charles Shaw sentenced Baranski to the custody of the Bureau of Prisons for 60 months. Moreover, in a written opinion, Judge Shaw found that the 372 machine guns were property used to facilitate the crimes for which Baranski was convicted and, therefore, were ordered forfeited.

## II.

In Count Three, Subsection (a) of the complaint, Plaintiffs allege that the BATF seizure of the machine guns belonging to Baranski and stored at Pars International was made pursuant to an invalid warrant and, therefore, violates their Fourth Amendment rights. Plaintiffs allege that the warrant was invalid because the description of property to be seized was contained in an affidavit that Magistrate Gambill ordered sealed and that any other description was not specific enough. Therefore, Defendants could not show Plaintiffs a list of the items to be seized.

In *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court held that "government officials performing discretionary functions, generally are shielded from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." The standard to be applied in deciding a claim of qualified immunity is one of "objective reasonableness." *Id.* The Court reiterated both the rule and the standard in *Davis v.*

*Scherer*, 468 U.S. 183, 191, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984), and added that "[n]o other 'circumstances' are relevant to the issue of qualified immunity." *Id.* Further refining the scope of inquiry to be conducted by a court in deciding a claim of qualified immunity, the Supreme Court cautioned in *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), against identifying a clearly established rule of law at a level of broad generality. Rather, the right allegedly violated must have been clearly established in a "more particularized, and hence more relevant, sense." *Id.* at 639–640, 107 S.Ct. 3034.

### A.

■ The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath and affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The constitutional issue presented here is whether the particularity requirement of the Fourth Amendment was violated by the execution of a warrant with a sealed affidavit that described the property to be seized.

Neither the Supreme Court nor the Sixth Circuit Court of Appeals has addressed this precise issue. The Sixth Circuit has, however, held that a person whose property is seized need not be served with a warrant attachment that describes that property. *Frisby v. United States*, 79 F.3d 29, 31–32 (6th Cir.1996). In *Frisby*, the plaintiff made a motion pursuant to Fed.R.Crim.P. 41(e) for the return of property he claimed was unlawfully seized. He complained that in seizing his papers, IRS agents acted pursuant to a warrant which contained no description of the property to be seized but instead incorporated an "Attachment A" which de-

scribed the property. The warrant itself was provided to the plaintiff prior to the search, but not Attachment A. The agents provided the plaintiff with an inventory of the property seized before leaving the premises.

The Sixth Circuit acknowledged that the agents in *Frisby* had not complied with Fed.R.Crim.P. 41(d), which requires that officers "taking property under warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken." 79 F.3d at 32. Though the court declared that "the procedural steps enumerated in Rule 41(d) are important," it characterized those steps as "ministerial" and held that noncompliance with these procedures is not a violation of the Fourth Amendment. *Id.* In particular, the court found that the plaintiff was not prejudiced because he received an inventory of items seized and because the agents seized no more than permitted by Attachment A. *Id.*

For all material purposes, the circumstances in this case are equivalent to those found acceptable in *Frisby*. As in *Frisby*, Plaintiffs here suffered no prejudice. Pars International, the bailee of Baranski's machine guns, was provided with the warrant, though not with the attachment—in this case the sealed affidavit—that described the items to be seized. As in *Frisby*, Pars International was provided with an inventory of the 372 machine guns and assorted parts that were seized. Thus, as in *Frisby*, the procedural requirements of Rule 41(d) arguably were not strictly followed. However, following the same analysis, it appears as though no Fourth Amendment violation occurred.

### B.

■ The more important question for qualified immunity purposes is whether Plaintiff can show violation of a clearly established constitutional right in these circumstances. Based on the analysis contained in Section III(A), Plaintiff's rights to an unsealed affidavit may be debatable, but certainly not clearly established. Nor can the Court find that reasonably prudent federal official could believe that he had violated a constitutional right. Defendants are shielded from liability and suit so long as their conduct does not violate a clearly established constitutional right. *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727. Case law from circuits other than that in which the warrant was issued are particularly relevant to the Court's inquiry. The Sixth Circuit case law is certainly far from clear that an officer should not execute a warrant where the affidavit supporting it has been sealed. While one may try to distinguish *Frisby* and Plaintiffs certainly have; a reasonably prudent law enforcement officer would believe that it enables the actions taken here.

In addition, the search warrant and the sealing of the affidavit were each approved by a United States Magistrate Judge. This provides even more reason for a prudent and careful official to believe that his actions were proper. Even if the Magistrate Judge was mistaken in sealing the affidavit, Defendants were entitled to their reasonable belief that the search warrant was validly issued.

### C.

■ One final issue deserves discussion. Plaintiffs argue that their Fourth Amendment *Bivens* claim is supported by evidence that Defendants violated provisions of 18 U.S.C. § 1924(d) which imposes restrictions on the seizure and forfeiture of firearms. The Court finds a number of conceptual problems with this argument.

First, in *Bivens v. Six Unknown Named Agents, et al.*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court

authorized claims against federal officials acting under color of federal authority for violations of constitutional rights. *Bivens* does not provide a basis for claims against federal officials for violating a federal statute. Therefore, Plaintiffs' only *Bivens* claims against Defendants is for violation of their Fourth Amendment rights. Second, Plaintiffs may be arguing that they may somehow incorporate the provisions of 18 U.S.C. § 924(d) into the application of the Fourth Amendment as it applies to the seizure of firearms. It goes without saying that a federal statute may not create more restrictive constitutional rights upon official behavior than the constitutional amendments themselves. Thus, Plaintiffs cannot use a federal statute as a vehicle for alleging a constitutional claim under *Bivens.*

Finally, Plaintiffs' complaint in Count III(a) asserts a claim for violation of their Fourth Amendment rights. In the complaint, Plaintiffs do not make a direct claim for violation of 18 U.S.C. § 924(d). Therefore, to the extent Plaintiffs now assert a claim under that federal statute, such a claim is outside the complaint. In any event, it is certainly unclear whether the statute applies in these circumstances. Even if it did apply in these circumstances, it is unclear whether Plaintiffs could predicate a private right of action under the statute. *See Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Regardless, Plaintiffs did not assert such a claim in their complaint.

Defendants are entitled, therefore, to qualified immunity on this claim.

### III.

■ In Count Three, Subsection (b) of the complaint Plaintiffs allege that the seizure of machine guns belonging to Baranski and stored at Pars International violated Baranski's due process rights under the Fifth Amendment due to the absence of notice or hearing. The Court can find no basis for such a claim.

The Supreme Court has determined that there is no requirement for an adversary hearing prior to a seizure of possessions under a criminal search warrant. *Fuentes v. Shevin,* 407 U.S. 67, 93 n. 30, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Even in the context of a civil forfeiture there would be no need to provide prior notice as the goods seized were easily movable personal property. *See United States v. Any & All Radio Station Equip.,* 218 F.3d 543, 550 (6th Cir.2000). It is well settled that forfeitures of property used in violation of law is generally not a denial of due process of law or a violation of the constitutional prohibition against the taking of private property for public use without fair compensation. *Van Oster v. State of Kansas,* 272 U.S. 465, 467, 47 S.Ct. 133, 71 L.Ed. 354 (1926); *Goldsmith, Jr.-Grant Company v. U.S.,* 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1921); *Dobbins' Distillery v. U.S.,* 96 U.S. 395, 6 Otto 395, 24 L.Ed. 637 (1877). Consequently, there appears to be no basis upon which Plaintiffs might claim a violation of their Fifth Amendment rights.

### IV.

The foregoing analysis makes clear that Plaintiffs have no basis for a civil *Bivens* action for violation of either Plaintiffs' Fourth or Fifth Amendment rights. Nevertheless, one final issue deserves comment.

A federal judge and jury have already found Baranski guilty of federal conspiracy charges and have forfeited the machine guns at issue. In particular, a magistrate judge concluded that even though the warrant may have lacked specificity, the good faith exception applied, that is that the ATF agents had good reason to believe that the warrant was valid. To find that Plaintiffs had grounds to pursue their *Bi-*

*vens* actions, this Court would need to completely ignore the Magistrate Judge's findings. To do so would require the Court to call into question Defendants' justified reliance upon Magistrate Gambill's issuance of the warrant and sealing of the affidavit. To allow this case to go forward would require this Court to call into question one underlying premise of the federal criminal conviction. To allow the case to go forward seems entirely inconsistent with a federal judge's decision to forfeit these machine guns as being used in the commission of a federal conspiracy crime.

To do all of this would seriously undermine the credibility of Baranski's criminal conviction and the accompanying proceedings. The Court should not do so on these facts. *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). It amounts to a collateral attack on Baranski's conviction and the various court rulings which led to it. Once again, the Court should not allow such an attack in these circumstances. *See Huey v. Stine,* 230 F.3d 226, 229–230 (6th Cir.2000).

The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

The United States and the named individual Defendants have moved to dismiss with prejudice all remaining claims in this action. Having issued a Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion to dismiss is SUSTAINED and all remaining claims of the complaint are DISMISSED WITH PREJUDICE.

This is final and appealable and there is no just reason for delay.