COOK, Circuit Judge,
concurring in part and dissenting in part.
Because I agree with the district court that qualified immunity supports dismissal of all plaintiffs’ claims, I respectfully dissent from those portions of the majority’s opinion that reverse the district court.
Even if the majority is correct in its conclusion that the warehouse search violated the Fourth Amendment in light of Groh v. Ramirez, I nevertheless maintain that Sixth-Circuit precedent sanctioning *439 similar searches entitles the agents here to qualified immunity.
In Groh, the warrant neither described the items to be seized, nor cross-referenced a document that described those items. 540 U.S. 551, 554-55, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). Thus, the agents had no basis to believe the warrant was valid.
Here, by contrast, the agents performed their search under a warrant cross-referencing a sealed affidavit — a practice this court has previously deemed reasonable. United States v. Pritchett, 40 Fed. Appx. 901, 907 (6th Cir.2002); see also Frisby v. United States, 79 F.3d 29, 32 (6th Cir.1996) (“The Fourth Amendment does not necessarily require that government agents serve a warrant, or an attachment thereto, prior to initiating a search or seizing property.”); United States v. Gahagan, 865 F.2d 1490, 1497 (6th Cir.1989) (“[I]f the description contained in the warrant itself is inadequate, ‘it is appropriate to look to the description appearing in the warrant application or affidavit if it is clear that the executing officers were in a position to be aided by the document ....’”) (quoting 2 W. LaFave, Search and Seizure § 4.5(a) at 209 (2d ed.1987)). Even if Groh casts doubt on Pritchett’s result, the fact that a unanimous panel of this court reached that result establishes that the ATF agents’ actions here did not violate “clearly established statutory or constitutional rights of which a reasonable person would have known.” Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).
When faced with the question now before this court, the Third Circuit held that a district court erred when it denied an officer qualified immunity. The court explained:
Thus, while it was “clearly established” that warrants must be particular, the narrower and more appropriate question, ie. whether it was clearly established that one has a constitutional right to be free from a search pursuant to a warrant based upon a sealed list of items to be seized, has not heretofore been answered, at least in those terms.
Bartholomew v. Pennsylvania, 221 F.3d 425, 429 (3d Cir.2000).
The Fifth Circuit reached the same conclusion in the context of affirming the denial of a motion to suppress. In United States v. Cherna, the court held that because it was “not entirely clear from circuit precedent that the affidavit must be physically attached to the warrant or served on the defendant,” the officers who executed the warrant could . “reasonably rely on the magistrate judge’s issuance of the warrant, even though he simultaneously sealed the affidavit on which it was based.” 184 F.3d 403, 412-13 (5th Cir.1999).[1]
The case for qualified immunity is even stronger here than in Bartholomew or Chema because this court’s opinion in Pritchett explicitly approved a search executed under a warrant that cross-referenced a sealed affidavit. I would therefore affirm the district court’s order dismissing plaintiffs’ complaints.

. Although Chema involved the application of the good-faith exception to the exclusionary rule, its holding is relevant to the civil case presented here because " ‘the same standard of objective reasonableness that we appl[y] in the context of a suppression hearing in Leon defines the qualified- immunity accorded an officer.’ ” Groh, 540 U.S. at 565 n. 8, 124 S.Ct. 1284 (quoting Malley v. Briggs, 475 U.S. 335, 344, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).