**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MATTHEW JAMES GRIFFIN,

Petitioner-Appellant,

v.

TIM LEMASTER, Warden,
New Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 04-2285
(D.C. No. CIV-97-1560 MV/RHS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

Matthew Griffin appeals the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254. We previously granted Griffin a

---

[*]        After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

certificate of appealability (COA), and we now affirm the district court's order denying the petition.

In January 1991, Griffin was convicted by a New Mexico jury of felony murder, aggravated burglary, five counts of armed robbery, and tampering with evidence. Griffin's convictions were affirmed on appeal by the New Mexico Supreme Court. He filed a petition for habeas corpus relief in state court, which was denied. He then filed a petition for a writ of certiorari to the New Mexico Supreme Court, which was also denied.

Griffin's first § 2254 habeas petition filed in federal court was dismissed without prejudice for failure to prosecute. He then filed a second petition, which was dismissed for failure to timely file under 28 U.S.C. § 2244(d)(2). Griffin appealed those dismissals to this court and they were consolidated for procedural purposes. We reversed and remanded and directed the district court to reinstate the first habeas petition and to consider whether equitable tolling applied to the second petition. On remand, after briefing by the parties, the district court denied both petitions. The district court also denied a COA on all claims.

Griffin appealed the district court's decision and we granted COA on the following issues: (1) whether trial counsel's failure to pursue a Fourth Amendment suppression motion constituted ineffective assistance of counsel, and (2) whether counsel on direct appeal was ineffective for failure to pursue an

ineffective-assistance-of-counsel claim based on trial counsel's failure to pursue a suppression motion.[1]  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

I

We consider first our standard of review.  Griffin argues that his federal constitutional claim was not adjudicated on the merits in state court and that therefore his appeal is entitled to de novo review instead of the more deferential standard of review under AEDPA.  We disagree.  The state court entered the following order:

> The Court having reviewed the Petition for Writ of Habeas Corpus, State v. Griffin, 116 NM (Sup. Ct. 1993), the State's Response thereto and having heard oral argument on October 20, 1997 and being fully advised in the premises hereby;
> Orders that the Petition be and hereby is denied.  The Court adopts as its reasoning the Response to Petition for Writ of Habeas Corpus, filed June 11, 1997 by the State.

R., Doc. 14, Ex. K.  In *Aycox v. Lytle*, we applied the AEDPA deferential standard of review to a state court denial of a habeas petition that simply stated "as a matter of law, Petitioner is not entitled to relief."  196 F.3d 1174, 1177 (10th Cir. 1999) (quotation omitted).  We concluded that when a state court issues a summary decision, we should defer to the state court's result even if its reasoning is not expressly stated.  *Id.*  The order here is not nearly as summary as that in *Aycox*.  Because the state court adopted as its reasoning the government's

---

[1]     We decline Griffin's request to expand the scope of our original COA order.

response to the habeas petition, we are able to effectively review the state court's decision. There is no evidence here that the state court did not consider and reach the merits of Griffin's claims. Accordingly, in order to prevail on his habeas petition, Griffin must show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

II

We turn next to the merits of Griffin's appeal. In order to establish ineffective assistance of counsel, Griffin must show that his attorney's performance fell below an objective standard of reasonableness and that his attorney's deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689.

*Ineffective Assistance of Trial Counsel*

The first issue is whether trial counsel's failure to pursue a Fourth Amendment suppression motion constituted ineffective assistance of counsel. Griffin argues that there were enough facts known to defense counsel about the

search of his residence to compel a reasonable attorney to file a motion to suppress the evidence that was seized there. Specifically, Griffin argues that his trial attorney should have filed a suppression motion because of the following Fourth Amendment violations: (1) the officers executing the warrant were conducting an exploratory search because the affidavit was not attached to the warrant; (2) Griffin was not given a copy of the affidavit at the time of the search; and (3) the items listed in the affidavit were overbroad.[2] The state court found that trial counsel was not ineffective for failing to seek the exclusion of the evidence obtained during the search because the warrant was prepared, approved, and executed in accordance with the law. Based on our review of the record evidence and applicable law, Griffin has not shown that there was a Fourth Amendment violation during the search of his home; as a result, trial counsel's decision not to file a motion to suppress was reasonable. The state court's decision denying habeas relief was therefore not based on an unreasonable determination of the facts or contrary to clearly established federal law.

---

[2] Griffin also argues that some of the items seized exceeded the scope of the search. We will not address this argument on appeal because we conclude that the COA grant was limited by the inclusion of the following sentence: "Petitioner argues that the search warrant issued for his home was not particular enough to satisfy the Fourth Amendment, and that the affidavit in support cannot be used to cure this defect. *See United States v. Leary*, 846 F.2d 592, 603 (10th Cir. 1988) (affidavit does not cure lack of particularity in search warrant unless attached to the warrant and specifically incorporated by reference)." COA Order Dated 10/14/05, at 2. We will therefore only consider arguments regarding the specificity of the warrant and attachment and incorporation of the affidavit.

First, there is sufficient evidence in the record demonstrating that the affidavit was attached to the warrant. The warrant on its face indicates that the affidavit is attached and incorporated into the warrant and the warrant commands that the officers search "the place described in the Affidavit for the property described in the Affidavit . . . ." Aplee. App. at 7. The second page of the affidavit lists the places to be searched and the items to be seized. *Id.* at 9. Without the affidavit, the officers would not have known that Griffin's vehicle was also to be searched because it was not identified on the general warrant form, *see id.* at 7, but it was listed in the affidavit, *see id.* at 9. The return and inventory reflects that the vehicle was searched by the officers executing the search warrant. *See id.* at 21.

Although there is no direct testimony about whether the affidavit was attached to the warrant, the record reflects that there were specific items seized during the search that correlate with specific items listed on the affidavit. For example, the affidavit lists "walkie talkies, headphones, and microphones" as items to be seized. *Id.* at 9. The inventory reflects that the only thing seized in the second bedroom was one pair of headphones. *Id.* at 16. Without the affidavit, an officer attempting to perform the search using the generic warrant form would not have known to seize something as particular as a pair of headphones. Because there is sufficient evidence to support the state court's finding that the affidavit was attached to the warrant during the search, Griffin did not show a Fourth

Amendment violation and trial counsel's decision not to file a motion to suppress on that basis was reasonable.

Second, Griffin contends he did not receive a copy of the affidavit at the time of the search. Griffin argues that this violates the Fourth Amendment warrant requirement because one of its purposes is to "alert[] the individual subject to search what the police may seize." Aplt. Reply Br. at 15. Griffin relies on *Groh v. Ramirez*, 540 U.S. 551 (2004) to support his argument.

Griffin, however, has not presented any Supreme Court authority from the relevant time period establishing that the failure to serve a warrant or any attachments thereto is a Fourth Amendment violation. *See Allen v. Reed*, 427 F.3d 767, 774 (10th Cir. 2005) (explaining that for purposes of § 2254 analysis, "we are exclusively concerned with the state of the case law at the time [petitoner's] conviction became final"), *petition for cert. filed* (U.S. Feb. 25, 2006) (No. 05-9470). At the time of trial in 1990 and at the time Griffin's conviction became final in 1997, the general view was that not serving the warrant or any attachments thereto prior to the search did not necessarily violate the Constitution, but was merely a technical or ministerial violation, absent a showing a prejudice. *See, e.g., Frisby v. United States*, 79 F.3d 29, 31-32 (6th Cir. 1996) (citing *United States v. McKenzie*, 446 F.2d 949, 954 (6th Cir. 1971)); *see also* 2 Wayne R. LaFave, Search & Seizure (4th ed. 2004), § 4.12(a), at 812 (explaining prevailing view, prior to 2004, that provisions related to

exhibiting or delivering the warrant were ministerial and not grounded in the Fourth Amendment).

Moreover, *Groh* itself does not change the law on this issue. *Groh* does seem to indicate that there is some right of the person being searched to receive particularized information about the items to be seized prior to the search commencing. *See* 540 U.S. at 557, 561. The Court went on to affirm, however, "that neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires the executing officer to serve the warrant on the owner before commencing the search." *Id.* at 562 n.5. Relying on *Groh*, in *United States v. Grubbs*, the Court explicitly rejected the assumption that an officer is constitutionally required to present the property owner with a copy of the warrant prior to the search. 126 S. Ct. 1494, 1501 (2006). The Court explained that:

> The absence of a constitutional requirement that the warrant be exhibited at the outset of the search, or indeed until the search has ended, is . . . evidence that the requirement of particular description does not protect an interest in monitoring searches. The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante*, the deliberate, impartial judgment of a judicial officer . . . between the citizen and the police[,] and by providing, *ex post*, a right to suppress evidence improperly obtained and a cause of action for damages.

*Id.* (citations and quotations omitted). Because there was no constitutional requirement that Griffin be given a copy of the warrant or any attachments thereto prior to the search, trial counsel's decision not to file a motion to suppress on that

basis was reasonable. Likewise, the state court's determination that the delivery of the affidavit was not a precondition to a valid search is not contrary to clearly established federal law.

Finally, Griffin claims that, assuming the affidavit was available to the officers conducting the search, the list of items to be seized was not sufficiently specific. Griffin cites generally to *United States v. Leary*, 846 F.2d 592 (10th Cir. 1988), to support this proposition, but fails to include a specific page citation to direct this court to any relevant discussion on this issue. *See* Aplt. Reply Br. at 18. Griffin asserts that the following items listed in the affidavit were problematic: "all firearms"; "any license plates"; and "any craftsman brand tools." *Id.* He contends that the information in the affidavit did not support the use of these item listings, but does not include any citations to the record to support his contention. *See id.* He then makes the broad statement, without any legal authority, that "[w]hen the word proceeding the items is 'any' a red flag should go up concerning the particularity of the item listed." *Id.*

In *Leary*, the warrant was found to be facially overbroad because it included a laundry list of items typically found in an export business and the only limitation placed on seizing those items was that they "had to relate to the purchase, sale and illegal exportation of materials in violation of the federal export laws." 846 F.2d at 600-01 (quotation omitted). That is not the case here. The affidavit includes a detailed list of fifteen items or categories of items that

are tied to the affidavit of probable cause. With respect to Griffin's specific concerns, the affidavit indicates that the offender used several different kinds of firearms (a .45 or 9mm caliber handgun, an Uzi, and a Glock 9mm semi-automatic pistol) in committing the different crimes, so the use of "any firearms" is not overbroad. Likewise, the affidavit indicates that the offender used several different cars with different license plate numbers so the request for "any license plates" is justified. Finally, the affidavit states that a Craftsman brand screwdriver was found at the scene of an attempted car theft, which supports the warrant's request for Craftsman brand tools. The record adequately supports the state court's finding that the warrant "specifically lists all the items to be seized, and is supported by a detailed five-page affidavit stating probable cause." R., Doc. 14, Ex. J at 12. Griffin has not presented any factual or legal authority to demonstrate that trial counsel's decision not to file a motion to suppress on this basis was unreasonable or that the state court's determination was unreasonable in light of the facts presented.

Because we conclude that trial counsel's decision not to file a motion to suppress was reasonable, we do not need to reach the second prong of the *Strickland* test, which requires Griffin to demonstrate that he was prejudiced by his attorney's deficient performance. Griffin has not established his entitlement to habeas relief on this issue.

*Ineffective Assistance of Appellate Counsel*

The second issue is whether counsel on direct appeal was ineffective for failure to pursue an ineffective-assistance-of-counsel claim based on trial counsel's failure to pursue a suppression motion. Appellee claims that this issue was not properly raised in state court. We disagree. Griffin argued in his state habeas petition that his counsel on direct appeal was ineffective for raising but failing to brief the issue of ineffective assistance of trial counsel. Although Griffin did not point to the specific reasons why his trial counsel was ineffective in that section of his habeas petition, he had argued earlier in the petition that trial counsel was ineffective for failing to file a suppression motion. It is therefore implicit in his argument that his counsel on direct appeal was ineffective for failing to brief the issue that his trial counsel was ineffective for failing to file a suppression motion.

On the merits, however, we conclude that because trial counsel's decision not to file a suppression motion was reasonable, Griffin could not have succeeded on his claim of ineffective assistance of trial counsel. Appellate counsel's decision not to pursue an ineffective assistance claim against trial counsel was therefore reasonable. The state court's decision denying habeas relief on this issue is not unreasonable in light of the facts presented or contrary to clearly established federal law.

The judgment of the district court is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge